UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ 2nd MMM_____ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Martin Rivera_____        JOINT DEBTOR: Elba Rivera      CASE NO.: 14-22924

Last Four Digits of SS#: 1942___      Last Four Digits of SS#: 3509___  CHAPTER 13

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of _60_ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

| | | |
|---|---|---|
| A. | $ 8,145.00_ for months _1_ to _1_ ; |
| B. | $ 1,864.00_ for months _2_ to _10_ ; |
| C. | $ 2,022.00_ for months _11_ to _60_ ; in order to pay the following creditors |

Administrative:              Attorney's Fee - $ 3,500.00 (Chapter 13 Base fee)
                              Attorney's Fees $ 525.00 (Motion to Value Auto)
                              Attorney's Fees $ 2,500.00 (MMM)
                              Total Fee's      $6,525.00
                              Total Paid       $3,250.00
                              Balance Due    $3,275.00 payable $ 3,275.00/month (Months _1_ to _1_ )

Secured Creditors: [Retain Liens pursuant to 11 US C § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. ING Mortgage_____    Arrearage N/A
c/o Ronald R. Wolfe & Associates     MMM Payment   $ 1,468.85 /month (Months _1_ to 60 )
Address: 4919 Memorial Hwy Ste 200
       Tampa, FL 33634-7500
Account No: XX40029962750

2. Nissan Motor Acceptance_____    Payoff Amount $2,434.80 Includes Interest
Address: POB 660360                  Payment   $ 2,434.80/month (Months _1_ to _1_ )
       Dallas, Texas 75266
Account No: XX2401360310001
2006-Nissan Pathfinder
Vin# 5N1AR18U96C72083

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| GM Financial Auto Loan Acct# 1082 | 2012-Honda Civic Vin#JHMFB50CS000185 Value $11,875.00 | 5.25% | $225.46 | 1 to 60 | $13,527.60 |
| | | | | | |

Priority Creditors: [as defined in 11 U.S.C. §507]: NONE

Unsecured Creditors:  Pay $ 0.00_ /month (Months _1_ to _10_ ).
                      Pay $ 143.00 /month (Months _11_ to _60_ ).

LF-31(rev. 1/08/10)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

1. The Debtors are current with their HOA payments to Boca Chase Property HOA, Inc. Acct# 1811 for their homestead property located at 18251 181 Circle so., Boca Raton, FL 33498 and will continue to pay them direct outside the Plan.

2. The Debtors are current with their lease payments to Volkswagen Credit Inc., Acct# 1153 for the 2012 Volkswagen 4D VIN# 3VW2k7AJ6CM418032 and will continue to pay it direct outside the plan and assume the lease.

The Debtor has filed a Verified Motion for Referral to LMM with I N G  M o r t g a g e ("Lender"), loan number 2 7 5 0, for Homestead real property located at 1 8 2 5 1  1 8 1  C i r c l e  S o . ,  B o c a  R a t o n ,  F L  3 3 4 9 8. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan. If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

Debtor: MartinRivera                                    Joint Debtor: Elba Rivera

Date: 1-5-2015